IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEVIN ERNST DUCLAIRON, | Case No. 3:18-cv-01095-AC |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| LGBTQ COMMUNITY & GRACE COMMUNITY CHURCH KLAN, GABRIELLE FRANKLIN, GUY FRANKLIN, JOHN MACARTHUR, JONATHAN SZABO, ALLAN PAUL, and MELINDA MACARTHUR, | |
| Defendants. | |

ACOSTA, Judge

On June 21, 2018, Plaintiff Kevin Ernst Duclairon, proceeding *pro se*, filed his Complaint and paid the $400 filing fee on August 3, 2018. (ECF No. 1.) On August 20, 2018, the court held a Show Cause Hearing to discuss the status of Plaintiff's case. (ECF Nos. 5, 10.) At that time, the court discussed the need for Plaintiff to timely serve the defendants, and the court made efforts to appoint counsel for Plaintiff from the volunteer *pro bono* panel. To date, three attorneys have declined to represent Plaintiff in this matter. (ECF Nos. 13, 16, 24.) On October 11, 2018, the court

1 - ORDER OF DISMISSAL

issued an Order to Show Cause directing Plaintiff to serve defendants with a copy of the Complaint within 60 days, or show cause why service has not been accomplished. (ECF No. 25.) On October 15, 2018, Plaintiff filed a Motion to Dismiss his Complaint, and requests reimbursement of his $400 filing fee. (ECF No. 26.) To date, no defendant has been served.

*Discussion*

The Federal Rule of Civil Procedure ("Rule") 41(a)(1) permits a plaintiff to voluntarily dismiss an action without leave of court at any time before the defendant answers or files a dispositive motion. FED. R. CIV. P. 41(a)(1). Rule 41(a)(2) permits the court to dismiss an action at the plaintiff's request "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Plaintiff has not served the defendants and requests that the court dismiss his action because he has not obtained an attorney. (Pl. Mot. Dismiss at 1, ECF No. 26.) Accordingly, the court concludes that dismissal of Plaintiff's case without prejudice at this juncture is proper and Plaintiff's Motion to Dismiss is granted.

In his motion, Plaintiff seeks reimbursement of his $400 filing fee because the case has become a hardship. However, the court is not authorized to return the filing fee. Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914, and are part of the costs of litigation. *See Green v. Bank of America*, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint under Rule 41(a)). Nothing in the statute, or any other statute, provides for the refund of a filing fee for any reason. Plaintiff does not identify, nor does the court find, any precedent permitting the court to refund filing fees in this situation. *Id.*

To the contrary, numerous courts have discussed that a district court lacks the authority to refund a filing fee after a voluntary dismissal. *Id.* (collecting cases). *See also Thompson v. San Jose Police Dep't*, Case No. C 05-2195 JF (PVT), 2006 WL 1141324, at *1 (N.D. Cal. May 1, 2006) (refusing to grant refund of filing fee after *pro se* plaintiff voluntarily dismissed action under Rule 41(a)); *Grindling v. Martone*, Civ. No. 12-00361-LEK/BMK, 2012 WL 4502954, at *1-2 (D. Haw. Sept. 28, 2012) (refusing to refund filing fee where pro se prisoner voluntarily dismissed case); *Killian v. Panetta*, Case No. 12cv828 JLS (DHB), 2013 WL 41138399, at *3 (S.D. Cal. Aug. 13, 2013) (refusing to refund appellate filing fee to *pro se* plaintiff where Ninth Circuit dismissed appeal before briefing filed). Accordingly, Plaintiff's request for reimbursement of the filing fee is denied.

*Conclusion*

Based on the foregoing, Plaintiff's Motion to Dismiss is GRANTED; Plaintiff's request for reimbursement of his filing fee is DENIED. Accordingly, IT IS ORDERED that this action is dismissed, without prejudice.

IT IS SO ORDERED.

DATED this 17th day of OCTOBER, 2018.

JOHN V. ACOSTA
United States Magistrate Judge

3 - ORDER OF DISMISSAL